# Supreme Court of Florida

---

No. SC2024-1057

---

## IN RE: AMENDMENTS TO FLORIDA PROBATE RULES – 2024 LEGISLATION.

September 5, 2024

PER CURIAM.

The Florida Bar's Probate Rules Committee has filed a report proposing amendments to Florida Probate Rules 5.240 (Notice of Administration), 5.241 (Notice to Creditors), 5.550 (Petition to Determine Incapacity), 5.649 (Guardian Advocate), and 5.681 (Restoration of Rights of Person with Developmental Disability) and Form 5.905 (Form for Petition; Notice; and Order for Appointment of Guardian Advocate of the Person) in response to recent legislation.[1] *See* chs. 2024-238, 2024-242, Laws of Fla.

The Florida Bar's Board of Governors' Executive Committee unanimously approved the proposal.

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(e).

Having considered the Committee's proposal and the relevant legislation, we amend the Florida Probate Rules as proposed by the Committee, with minor revisions. The more significant amendments are discussed below.

We amend rules 5.240 and 5.241 to require that notices of administration and notices to creditors provide notice that the personal representative or curator has no duty to discover whether the Florida Uniform Disposition of Community Property Rights at Death Act applies to the subject property unless a timely written demand is made.

Next, we amend rules 5.550 and 5.649 to require that petitions to determine incapacity or for the appointment of a guardian advocate identify existing supported decisionmaking agreements or other types of assistance already in place and state why they are inappropriate or insufficient. Rule 5.649 is further amended to require that orders appointing guardian advocates provide whether the person can exercise rights with assistance and the rights for which the person lacks decisionmaking ability.

Rule 5.681 is amended to require that a suggestion of restoration of rights state, among other things, whether another

form of assistance is an alternative to the continued appointment of a guardian advocate.

Finally, form 5.905 is amended to add a requirement that the petitioner note whether a decisionmaking agreement, advanced directive, or power of attorney has been executed and, if so, whether it is insufficient to meet the needs of the respondent.

Accordingly, the Florida Probate Rules are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately. Because the amendments were not published for comment prior to their adoption, interested persons shall have 75 days from the date of this opinion in which to file comments with the Court.[2]

---

2. All comments must be filed with the Court on or before November 19, 2024, with a certificate of service verifying that a copy has been served on Committee Co-Chairs, Erin Farrington Finlen, 3365 Galt Ocean Drive, Fort-Lauderdale, FL 33308, erin@estatelaw.com, and Zackary T. Zuroweste, 2555 Enterprise Road, Suite 15, Clearwater, FL 33763, zz@persantelaw.com, and on the Bar Staff Liaison to the Committee, Heather Telfer, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, rules@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Co-Chairs have until December 10, 2024, to file a

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Probate Rules

Zackary T. Zuroweste, Co-Chair, Probate Rules Committee, Clearwater, Florida, Erin Farrington Finlen, Co-Chair, Probate Rules Committee, Fort Lauderdale, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida,

 for Petitioner

---

response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927.

# APPENDIX

## RULE 5.240.  NOTICE OF ADMINISTRATION

(a)  **Service.** The personal representative ~~shall~~must promptly serve ~~a copy of~~ the notice of administration on the following persons who are known to the personal representative and who were not previously served under section 733.2123, Florida Statutes:

(1)-(4)  [No Change]

in the manner provided for service of formal notice. The personal representative may similarly serve a copy of the notice on any devisee under another will or heirs or others who claim or may claim an interest in the estate.

(b)  **Contents.** The notice ~~shall~~must state:

(1)-(2)  [No Change]

(3)  that any interested person on whom a copy of the notice of administration is served must file, on or before the date that is 3 months after the date of service of ~~a copy of~~ the notice of administration on that person any objection that challenges the validity of the will, the venue, or the jurisdiction of the court. The 3-month time period may only be extended for estoppel based ~~upon~~ a misstatement by the personal representative regarding the time period within which an objection must be filed. The time period may not be extended for any other reason, including affirmative representation, failure to disclose information, or misconduct by the personal representative or any other person. Unless sooner barred by section 733.212(3), Florida Statutes, all objections to the validity of a will, venue, or the jurisdiction of the court must be filed no later than the earlier of the entry of an order of final discharge of the personal representative, or 1 year after service of the notice of administration;

(4)  the persons who may be entitled to exempt property under section 732.402, Florida Statutes, will be deemed to have waived their rights to claim that property as exempt property unless

a petition for determination of exempt property is filed by such persons or on their behalf on or before the later of the date that is 4 months after the date of service of ~~a copy of~~ the notice of administration on such persons or the date that is 40 days after the date of termination of any proceedings involving the construction, admission to probate, or validity of the will or involving any other matter affecting any part of the exempt property;

      (5)    that an election to take an elective share must be filed on or before the earlier of the date that is 6 months after the date of service of ~~a copy of~~ the notice of administration on the surviving spouse, an agent under chapter 709, Florida Statutes, or a guardian of the property of the surviving spouse; or the date that is 2 years after the date of the decedent's death; ~~and~~

      (6)    that, under certain circumstances and by failing to contest the will, the recipient of the notice of administration may be waiving ~~his or her~~<u>the recipient's</u> right to contest the validity of a trust or other writing incorporated by reference into a will<u>; and</u>

      <u>(7)    that the personal representative or curator has no duty to discover whether any property held at the time of the decedent's death by the decedent or the decedent's surviving spouse is property to which the Florida Uniform Disposition of Community Property Rights at Death Act as described in sections 732.216-732.228, Florida Statutes, applies, or may apply, unless a written demand is made by the surviving spouse or a beneficiary as specified under section 732.2211, Florida Statutes</u>.

    **(c)**    **Copy of Will.** Unless the court directs otherwise, the personal representative of a testate estate must, ~~upon~~ written request, furnish a copy of the will and all codicils admitted to probate to any person on whom the notice of administration was served.

    **(d)**    **Objections.** Objections to the validity of the will ~~shall~~<u>must</u> follow the form and procedure set forth in these rules pertaining to revocation of probate. Objections to the venue or jurisdiction of the court ~~shall~~<u>must</u> follow the form and procedure set forth in the Florida Rules of Civil Procedure.

**(e)    Waiver of Service.** For the purpose of determining deadlines established by reference to the date of service of a copy of the notice of administration in cases in which service has been waived, service on a person who has waived notice is deemed to occur on the date the waiver is filed.

## Committee Notes

### Rule History

1977 Revision-2020 Revision: [No Change]

2024 Revision: Subdivision (b)(7) was created to conform to an amendment to section 733.212, Florida Statutes, which requires the Notice of Administration include a notice that the personal representative has no duty to determine if property is subject to the Florida Uniform Disposition of Community Property Rights at Death Act. Committee notes revised.

### Statutory References

[No Change]

### Rule References

[No Change]

## RULE 5.241.    NOTICE TO CREDITORS

**(a)    Publication and Service.** Unless creditors' claims are otherwise barred by law, the personal representative shallmust promptly publish a notice to creditors and serve a copy of the notice on all creditors of the decedent who are reasonably ascertainable and, if required by law, on the Agency for Health Care Administration. Service of the notice shallmust be either by informal notice, or in the manner provided for service of formal notice at the option of the personal representative. Service on one creditor by a chosen method shallwill not preclude service on another creditor by another method.

**(b)**     **Contents.**

(1)     The notice to creditors ~~shall~~must contain the name of the decedent, the file number of the estate, the designation and address of the court, the name and address of the personal representative and of the personal representative's attorney, and the date of first publication of the notice to creditors. The notice ~~shall~~ require<u>s</u> all creditors to file all claims against the estate with the court, within the time provided by law.

(2)     The notice must state that the personal representative or curator has no duty to discover whether any property held at the time of the decedent's death by the decedent or the decedent's surviving spouse is property to which the Florida Uniform Disposition of Community Property Rights at Death Act as described in sections 732.216-732.228, Florida Statutes, applies, or may apply, unless a written demand is made by a creditor as specified under section 732.2211, Florida Statutes.

**(c)     Method of Publication and Proof.** Publication ~~shall~~must be made as required by law. The personal representative ~~shall~~must file proof of publication with the court within 45 days after the date of first publication of the notice to creditors.

**(d)     Statement Regarding Creditors.** Within 4 months after the date of the first publication of notice to creditors, the personal representative ~~shall~~must file a verified statement that diligent search has been made to ascertain the name and address of each person having a claim against the estate. The statement ~~shall~~must indicate the name and address of each person at that time known to the personal representative who has or may have a claim against the estate and whether such person was served with the notice to creditors or otherwise received actual notice of the information contained in the notice to creditors~~;~~<u>,</u> provided that the statement need not include persons who have filed a timely claim or who were included in the personal representative's proof of claim.

**(e)     Service of Death Certificate.** If service of the notice on the Agency for Health Care Administration is required, it ~~shall~~must be accompanied by a copy of the death certificate.

## Committee Notes

It is the committee's opinion that the failure to timely file the proof of publication of the notice to creditors ~~shall~~<u>will</u> not affect time limitations for filing claims or objections.

On April 19, 1988, the United States Supreme Court decided *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 108 S. Ct. 1340, 99 L. Ed. 2d 565. This case substantially impacted the method for handling (and barring) creditors' claims. This case stands for the proposition that a creditor may not be barred by the usual publication if that creditor was actually known to or reasonably ascertainable by the personal representative, and the personal representative failed to give notice to the creditor by mail or other means as certain to ensure actual notice. Less than actual notice in these circumstances would deprive the creditor of due process rights under the 14th Amendment to the U.S. Constitution. Probably actual notice of the death (as in the case of a hospital where the decedent died as a patient) without notice of the institution of probate proceedings is not sufficient.

An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested persons of the pendency of the proceeding and afford them an opportunity to present their claims.

The steps to be taken by a personal representative in conducting a diligent search for creditors depends, in large measure, on how familiar the personal representative is with the decedent's affairs. Therefore, the committee believes it is inappropriate to list particular steps to be taken in each estate, since the circumstances will vary from case to case.

The statement required by this rule is not intended to be jurisdictional but rather to provide evidence of satisfaction (or lack thereof) of the due process requirements.

### Rule History

2002 Revision-2019 Revision: [No Change]

2024 Revision: Subdivision (b)(2) was created to conform to an amendment to section 733.2121, Florida Statutes, which requires the notice to creditors to include a notice that the personal representative has no duty to determine if property is subject to the Florida Uniform Disposition of Community Property Rights at Death Act. Committee notes revised.

**Statutory References**

[No Change]

**Rule Reference**

[No Change]

## RULE 5.550.    PETITION TO DETERMINE INCAPACITY

**(a)    Contents.** The petition to determine incapacity shallmust be verified by the petitioner and shallmust state:

(1)-(4)    [No Change]

(5)    which rights the alleged incapacitated person is incapable of exercising to the best of the petitioner's knowledge; and, if the petitioner has insufficient experience to make that judgment, the petitioner shallmust so indicate;

(6)    [No Change]

(7)    the names, relationships, and addresses of the next of kin of the alleged incapacitated person, specifying the year of birth of any who are minors, to the extent known to the petitioner; and

(8)    whether there are possible alternatives to guardianship known to the petitioner, including, but not limited to, trust agreements, powers of attorney, designations of health care surrogates, or other advance directives, or supported decisionmaking agreements, and if the petitioner is seeking a

- 10 -

guardianship, an explanation as to why the alternatives are insufficient to meet the needs of the alleged incapacitated person; and

(9)     whether the alleged incapacitated person uses assistance to exercise the person's rights, including, but not limited to, supported decisionmaking agreements, and if so, why the assistance is inappropriate or insufficient to allow the person to independently exercise the person's rights.

**(b)     Notice.**

(1)     *Contents.* The notice of filing the petition to determine incapacity shallmust state:

(A)-(C)     [No Change]

(2)     *Service on Alleged Incapacitated Person.* The notice and a copy of the petition to determine incapacity shallmust be personally served by an elisor appointed by the court, who may be the court appointed counsel for the alleged incapacitated person. The elisor shallmust read the notice to the alleged incapacitated person, but need not read the petition. A return of service shallmust be filed by the elisor certifying that the notice and petition have been served on and the notice read to the alleged incapacitated person. No responsive pleading is required and no default may be entered for failure to file a responsive pleading. The allegations of the petition are deemed denied.

(3)     *Service on Others.* A copy of the petition and the notice shallmust also be served on counsel for the alleged incapacitated person, and on all next of kin.

**(c)     Verified Statement.** An interested person may file a verified statement that shall states:

(1)-(2)     [No Change]

**(d)     Order.** When an order determines that a person is incapable of exercising delegable rights, it shallmust specify

whether there is an alternative to guardianship that will sufficiently address the problems of the incapacitated person.

**(e)  Reports.**

(1)  [No Change]

(2)  *Service.* Within 3 days after receipt of each examining committee member's report, the clerk ~~shall~~must serve the report on the petitioner and the attorney for the alleged incapacitated person by ~~electronic~~ mail ~~delivery~~ or United States mail, and, ~~upon~~ service, ~~shall~~must file a certificate of service in the incapacity proceeding. The petitioner and the attorney for the alleged incapacitated person must be served with all reports at least 10 days before the hearing on the petition, unless the reports are not complete, in which case the petitioner and attorney for the alleged incapacitated person may waive the 10-day requirement and consent to the consideration of the report by the court at the adjudicatory hearing. If ~~such~~ service is not timely effectuated, the petitioner or the alleged incapacitated person may move for a continuance of the hearing.

(3)  *Objections.* The petitioner and the alleged incapacitated person may object to the introduction into evidence of all or any portion of the examining committee members' reports by filing and serving a written objection on the other party no later than 5 days before the adjudicatory hearing. The objection must state the basis ~~upon~~ which the challenge to admissibility is made. If an objection is timely filed and served, the court ~~shall~~must apply the rules of evidence in determining the reports' admissibility. For good cause shown, the court may extend the time to file and serve the written objection.

**(f)  Adjudicatory Hearing.** ~~Upo~~On appointment of the examining committee, the court ~~shall~~must set the date ~~upon~~ which the petition will be heard. The adjudicatory hearing must be conducted within at least 10 days, which time period may be waived, but no more than 30 days after the filing of the last filed report of the examining committee members, unless good cause is shown.

**Rule History**

1980 Revision - 2020 Revision: [No Change]

2024 Revision: Subdivision (a)(8) amended and new subdivision (a)(9) adopted to conform to section 744.3201(2)(d), Florida Statutes. Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

[No Change]

## RULE 5.649.   GUARDIAN ADVOCATE

   **(a)   Petition for Appointment of Guardian Advocate.** A petition to appoint a guardian advocate for a person with a developmental disability may be executed by an adult person who is a resident of this state. The petition must be verified by the petitioner and must state:

      (1)-(8)      [No Change]

      (9)   whether the petitioner has knowledge, information, or belief that the person with a developmental disability has a preneed guardian designation; and

      (10)  whether authority is sought to seek periodic support of the person with a developmental disability; and

      (11)  whether the person with a developmental disability uses assistance to exercise the rights of the person, including, but not limited to, supported decisionmaking agreements, and if so, why the assistance is inappropriate or insufficient to allow the person to independently exercise the person's rights.

**(b)   Notice.**

(1)    Notice of the filing of the petition must be given to the person with a developmental disability, both verbally and in writing, in the language of the person and in English. Notice must also be given to the person with a developmental disability's next of kin, any designated health care surrogate, an agent designated in a durable power of attorney, and ~~such~~any other persons as the court may direct. ~~A copy of t~~The petition to appoint a guardian advocate must be served with the notice.

(2)-(3)     [No Change]

**(c)**   [No Change]

**(d)   Order.** If the court finds the person with a developmental disability requires the appointment of a guardian advocate, the order appointing the guardian advocate must contain findings of facts and conclusions of law, including:

(1)-(6)     [No Change]

(7)    if the person may exercise rights with assistance, and the rights for which the person lacks decisionmaking ability;

(8)   the specific legal disabilities to which the person with a developmental disability is subject;

(8 9)   the name of the person selected as guardian advocate; and

(9 10) the powers, duties, and responsibilities of the guardian advocate, including bonding of the guardian advocate as provided by law.

**(e)**   [No Change]

**Committee Notes**

**Rule History**

2008 Revision-2023 Revision: [No Change]

2024 Revision: Subdivision (a)(11) added to address statutory changes to sections 393.12(3)(a) and 393.12, Florida Statutes. Subdivision (d)(7) added to address statutory changes to sections 393.12(2)(a), Florida Statutes. Committee notes revised.

**Statutory References**

§ 393.063(9), Fla. Stat. Definitions.

§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.

§§ 709.2101–709.2402, Fla. Stat. Florida Power of Attorney Act.

§ 709.2~~01~~09, Fla. Stat. Termination or suspension of power of attorney or agent's authority.

§ 709.2209, Fla. Stat. Supported decisionmaking agreements.

§ 744.3045, Fla. Stat. Preneed guardian.

§ 765.101, Fla. Stat. Definitions.

§ 765.104, Fla. Stat. Amendment or revocation.

§ 765.202, Fla. Stat. Designation of a health care surrogate.

§ 765.204, Fla. Stat. Capacity of principal; procedure.

§ 765.205(3), Fla. Stat. Responsibility of the surrogate.

§ 765.302, Fla. Stat. Procedure for making a living will; notice to physician.

§ 765.401, Fla. Stat. The proxy.

**Rule References**

[No Change]

# RULE 5.681.  RESTORATION OF RIGHTS OF PERSON WITH DEVELOPMENTAL DISABILITY

(a) **Suggestion of Restoration of Rights.** A suggestion of restoration of rights of a person with a developmental disability may be executed by any interested person, including the person with a developmental disability. The suggestion must contain:

(1) [No Change]

(2) if other assistance, including supported decisionmaking agreements, is an alternative to the continued appointment of a guardian advocate;

(3) evidentiary support for the filing as provided by law; and

(34) the name and address of the attorney representing the person with a developmental disability, if any, known to the petitioner.

(b) [No Change]

(c) **Notice.** UpoOn filing of the suggestion, if the name and address of the attorney representing the person with a developmental disability is listed in the suggestion, or upon the appointment of counsel, if no name and address of an attorney are listed in the suggestion, the clerk must immediately send notice of the filing of the suggestion, together with a copy of the suggestion, to the person with a developmental disability, the person's guardian advocate, the person's attorney, the attorney for the guardian advocate, if any, and any other interested person as directed by the court. The notice must contain a statement that all objections to the suggestion must be filed within 20 days after service of the notice. Formal notice must be served on the guardian advocate. Informal notice may be served on the other persons. Notice need not be served on the petitioner. The clerk must file proof of service.

(d) **Objections.** Any objection must be in writing and must state with particularity each item to which the objection is directed

and the grounds on which the objection is based. The objector must serve notice of hearing on the objection and ~~a copy of~~ the objection on the person with the developmental disability, the person's attorney, the person's guardian advocate, the attorney for the guardian advocate, if any, the next of kin of the person with a developmental disability, and any other interested persons as directed by the court.

**(e)    Order.** The court must enter an order denying the suggestion or restoring all or some of the rights that were granted to the guardian advocate. If only some rights are restored to the person with a developmental disability, the order must state which rights are restored and amend the letters of guardian advocacy accordingly. The court need not hold a hearing ~~prior to~~before entering an order restoring rights if no objections are filed and the court is satisfied with the evidentiary support for restoration supplied by the petitioner.

**(f)    Additional Requirements.** If personal rights are restored, the guardian advocate must file an amended plan within 60 days after the order restoring rights. If all property rights are restored, a guardian advocate previously granted management or control over property must file a final accounting within 60 days after the order restoring rights. A ~~copy of~~ any amended plan and accounting must be promptly served on the person with a developmental disability and the person's attorney.

**Committee Notes**

**Rule History**

2008 Revision - 2019 Revision: [No Change]

2024 Revision: Subdivision (a)(2) amended, and subdivision (a)(4) added to reflect the legislative change to section 744.464, Florida Statutes, for the restoration of rights. Committee notes revised.

**Statutory References**

§ 393.063(9), Fla. Stat. Definitions.

§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.

§§ 709.2101–709.2402, Fla. Stat. Florida Power of Attorney Act.

§ 709.2209, Fla. Stat. Supported decisionmaking agreements.

§ 744.464, Fla. Stat. Restoration to capacity.

§ 765.101, Fla. Stat. Definitions.

§ 765.104, Fla. Stat. Amendment or revocation.

§ 765.202, Fla. Stat. Designation of a health care surrogate.

§ 765.204, Fla. Stat. Capacity of principal; procedure.

§ 765.205(3), Fla. Stat. Responsibility of the surrogate.

§ 765.302, Fla. Stat. Procedure for making a living will; notice to physician.

§ 765.401, Fla. Stat. The proxy.

**Rule References**

[No Change]

**RULE 5.905.     FORM FOR PETITION; NOTICE; AND ORDER FOR APPOINTMENT OF GUARDIAN ADVOCATE OF THE PERSON**

**(a)     Petition.**

FORM FOR USE IN PETITION FOR APPOINTMENT OF
GUARDIAN ADVOCATE OF THE PERSON
UNDER FLORIDA PROBATE RULE 5.649

In the Circuit Court of the
_____ Judicial
Circuit,
in and for _____
County, Florida

Probate Division
Case No. _____

In Re: Guardianship Advocacy of

_____
Respondent's Name
Person with Developmental Disability

_____

PETITION FOR APPOINTMENT OF
GUARDIAN ADVOCATE OF THE PERSON

Petitioner, _____, files this petition under section 393.12, Florida Statutes, and Florida Probate Rule 5.649 and alleges that:

1.     The petitioner, proposed guardian advocate .....(name)....., is _____ years of age, whose residential address is _____ and post office address is _____. The relationship of the petitioner to the respondent is _____.

2.     .....(Respondent's name)..... is a person with a developmental disability who was born on _____ and who is _____ years of age, who resides in _____ County, Florida. The residential address of the respondent is _____ and the post office address is _____
_____.

3.     The petitioner believes that respondent needs a guardian advocate:

- 19 -

a.    due to the following developmental disability:

( )    i.    intellectual disability;

( )    ii    cerebral palsy;

( )    iii.    autism;

( )    iv.    spina bifida;

( )    v.    Down syndrome;

( )    vi.    Phelan-McDermid syndrome; or

( )    vii.    Prader-Willi syndrome,

which manifested before the age of 18.

b.    The developmental disability has resulted in the following substantial handicaps: _____

_____

4.    The exact areas in which the person with the developmental disability lacks the ability to make informed decisions about the person's care and treatment services or to meet the essential requirements for the person's physical health or safety are as follows:

( )    a.    to apply for government benefits;

( )    b.    to determine residency;

( )    c.    to consent to medical and mental health treatment;

( )    d.    to make decisions about social environment/social aspects of life;

( )    e.    to make decisions regarding education; and

( )    f.    to bring an independent action for support.

5.    There are no alternatives to guardian advocacy, such as trust agreements, powers of attorney, designation of health care surrogate, or other advanced directive, known to petitioner that would sufficiently address the problems of the respondent in whole or in part. Thus, it is necessary that a guardian advocate be appointed to exercise some but not all of the rights of respondent.

6.    The names and addresses of the next of kin of the respondent are:

|     Name     |     Address     |     Relationship     |
| --- | --- | --- |
|  |  |  |
|  |  |  |

7.      The proposed guardian advocate .....(name)....., whose residence address is _____ , and whose post office address is _____ _____;, is over the age of 18 and otherwise qualified under the laws of the State of Florida to act as guardian advocate of the person of respondent. The proposed guardian advocate is not a professional guardian. The relationship of the proposed guardian advocate with the providers of health care services, residential services, or other services to the respondent is (if none, indicate: NONE):_____

_____

8.     a.____The petitioner(s) allege(s) that to their knowledge, information, and belief, the respondent _____ has or _____ has NOT executed an advance directive under chapter 765, Florida Statutes, (designated health case surrogate or other advance directive) or a durable power of attorney under chapter 709, Florida Statutes.

b.     The petitioner(s) also allege(s) to the petitioner's knowledge, information, and belief, the respondent, _____ has or _____ has NOT executed a supported decisionmaking agreement under section 709.2209, Florida Statutes.

c.     The petitioner(s) allege(s) that the respondent has the documents referenced in subdivisions 8.a. or 8.b., but the documents are insufficient to meet the needs of the respondent because: (Do not complete if the respondent does not have the documents referenced in subdivisions 8.a. and 8.b.) _____

_____

9.     *(If a Co-Guardian Advocate sought, complete this paragraph.)* Petitioner requests that _____ be appointed co-guardian advocate of the person of respondent. The proposed co-guardian advocate .....(name)....., who is _____ years of age, whose residence is _____ _____;, whose post office address is _____;, is over the age of 18 and otherwise qualified under the laws of the State of Florida to act as guardian advocate of the person of respondent. The proposed co-guardian advocate is not a professional guardian. The relationship of the proposed co-guardian advocate with the providers of health care services, residential services, or other services to the respondent is (if none, indicate: NONE): _____

The relationship and previous association of the proposed co-guardian advocate to the respondent is _____. The proposed co-guardian advocate should be appointed because: _____

Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.

Signed .....(date)......

Signature: _____
Proposed Guardian Advocate
Name: _____
Address: _____

Phone Number: _____
E-mail Address: _____

Signature: _____
Proposed Co-Guardian Advocate
Name: _____
Address: _____

Phone Number: _____
E-mail Address: _____

**(b)**     [No Change]

**(c)**     [No Change]